UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

FILED
JUN 1 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

------------------------------------------------X
PARAMOUNT PICTURES CORPORATION,  :
a Delaware corporation,          :
                                 :
            Plaintiff,           :
                                 :   Civil Action No.  06 1108
     v.                          :
                                 :
CHRIS MOUKARBEL,                 :
                                 :
            Defendant.           :
------------------------------------------------X

## (PROPOSED) ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

The Court has read all papers filed in connection with Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion"), and considered the issues raised therein.

1. In order to obtain a temporary restraining order or a preliminary injunction, Plaintiff must demonstrate: (1) substantial likelihood that the movant will prevail on the merits; (2) irreparable harm to the movant without an injunction; (3) whether the issuance of an injunction would not substantially harm the other party; and (4) whether awarding relief is in the public interest. *See Health Ins. Ass'n of Am. v. Novelli*, 211 F. Supp. 2d 23, 28 (D.D.C. 2002) (citing *Washington Metro Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977)).

2. Plaintiff has demonstrated that it has a substantial likelihood of success on the merits of its copyright infringement claim because it has shown:

    a. that is owns a valid and enforceable copyright in the June 25, 2005, screenplay for the motion picture *World Trade Center* (the "WTC Screenplay"); and

b.  Defendant's motion picture shown on www.pointsofdeparture.net (the "Moukarbel Film") is substantially similar to significant portions of the WTC Screenplay. *See WPOW, Inc. v. MRLJ Enterprises*, 584 F. Supp. 132, 136 (D.D.C. 1984).

3.  In light of its showing of a substantial likelihood of success on the merits, Plaintiff is entitled to a presumption that it is being, and will be, irreparably harmed if this Court does not issue a temporary restraining order and preliminary injunction. *Hart v. Sampley*, Case No. CIV. A. No. 91-3068, 1992 WL 100135, *3 (D.D.C. Feb. 4, 1992) (citing *Atari, Inc. v. North Am. Philips Consumer Electronics Corp.*, 672 F.2d 607, 620 (7th Cir. 1982)); *see also WPOW, Inc.*, 584 F. Supp. at 138. In addition, Plaintiff has presented evidence that it is being, and will be, irreparably harmed by Defendant's distribution of the Moukarbel Film.

4.  Plaintiff has also demonstrated that the Defendant will not be harmed by the issuance of an injunction. *Hart*, 1992 WL 100135, at *3 (citation omitted); *see also WPOW, Inc.*, 584 F. Supp. at 138.

5.  The grant of a temporary restraining order will serve the public interest because an injunction will uphold the integrity of the copyright laws and protect the public's interest in the motion picture made from the WTC Screenplay. *See Hart*, 1992 WL 100135, at *3 ("The public interest clearly lies with the enforcement of its copyright laws."); *WPOW, Inc.*, 584 F. Supp. at 138 (same).

6.  Plaintiff has satisfied Local Rule 65.1 and provided the Defendant with sufficient notice of this request for expedited relief against him.

In light of the foregoing findings of fact and conclusions of law, it is hereby ORDERED AND ADJUDGED that that the Motion as to the request for a temporary restraining order is granted;

IT IS FURTHER ORDERED that pending a hearing on the preliminary injunction, Defendant, and his employees, agents, attorneys, partners, successors and assigns, and all those acting on behalf of or in active participation with him, are:

a. restrained from directly or indirectly infringing Plaintiff's exclusive rights in the WTC Screenplay, including without limitation, reproducing or copying of Plaintiff's Screenplay or the Moukarbel Film, distributing any of WTC Screenplay or the Moukarbel Film, or making any of WTC Screenplay or the Moukarbel Film available for distribution to the public;

b. ordered to remove from distribution any and all copies of the Moukarbel Film which he has authorized and/or caused to be distributed throughout the world.

Bond is set at $1,000.

IT IS ~~FURTHER~~ ORDERED that ~~a hearing~~ on Plaintiff's Motion for a Preliminary Injunction will be held on June __, 2006 at ___ a.m./p.m. in Room ___ in this Courthouse.

Dated: 6/16/06
       12:20 P.M.

_____
United States District Judge

NY495330.1
20282810023
06/15/2006 and

3